IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02107-PAB

JANE DOE #1,
JANE DOE #2,
JANE DOE #3,

    Plaintiffs,

v.

BOULDER VALLEY SCHOOL DISTRICT NO. RE-2,
BOARD OF EDUCATION OF BOULDER VALLEY SCHOOL DISTRICT NO. RE-2,
TRAVIS JON MASSE, in his individual capacity,
SUPERINTENDENT CHRIS KING, in his individual and official capacities,
PRINCIPAL GINGER RAMSEY, in her individual and official capacities,
ASSISTANT PRINCIPAL AND ATHLETIC DIRECTOR MIKE LOWE, in his individual and official capacities,
MARK SCHMIDT, in his individual capacity,
MATT SCHMIDT, in his individual capacity,
JASON WANEKA, in his individual capacity, and
JASMINE MASSE, in her individual capacity,

    Defendants.
_____

**ORDER REGARDING PLAINTIFFS' MOTION TO RECONSIDER DENIAL OF MOTION TO FILE UNDER SEAL**
_____

This matter is before the Court on plaintiffs' Motion to Reconsider Denial of Motion to File Under Seal [Docket No. 5]. On August 11, 2011, plaintiffs filed a complaint [Docket No. 1] along with a motion to file an unredacted version of the complaint under seal and to proceed using pseudonyms [Docket No. 2]. The complaint [Docket No. 1] uses pseudonyms instead of plaintiffs' actual names. Plaintiffs filed a copy of the complaint that contains their actual names under seal [Docket No. 3]. On

August 16, 2011, after the three-day period in D.C.COLO.LCivR 7.2H expired without any objections to the motion to seal, the Court granted plaintiffs' request in so far as it permitted the use of pseudonyms and prohibited defendants from disclosing plaintiffs' identity at any time.  Docket No. 4.  However, the Court denied plaintiffs' request to file the complaint under seal for failure to meet the requirements of D.C.COLO.LCivR 7.2C.  Docket No. 4 at 1.

In the motion to reconsider, plaintiffs assert that their motion to seal complied with D.C.COLO.LCivR 7.2C in that it provided detailed support for each of the four requirements of the rule.  Docket No. 5 at 4.  Plaintiffs also claim that the Court's August 16, 2011 Order will lead to inconsistent results because, although future pleadings will refer to plaintiffs by pseudonyms, the complaint will nonetheless reveal plaintiffs' identities to the general public.  *Id*. at 5-6.  The Court addresses each of these arguments in turn.

The Supreme Court has acknowledged a common law right of the public to access judicial records.  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978).  This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system.  *See In re Providence Journal Co., Inc.,* 293 F.3d 1, 9 (1st Cir. 2002).

There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor non-disclosure.  *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).  It is within the district court's discretion to

determine whether a particular court document should be sealed.  *See Nixon*, 435 U.S. at 599.

In furtherance of the common law right of access to court records, this District promulgated D.C.COLO.LCivR 7.2C, which provides for sealing of documents only upon a showing of compelling reasons such as:

1. the nature of the material or the proceeding at issue;

2. the private interest that, when weighed against the qualified right or presumption of public access to court files and proceedings, warrants the relief sought;

3. the clearly defined and serious injury that would result if the relief sought is not granted; and

4. why a less restrictive alternative to the relief sought is not practicable or would not adequately protect the interest in question (e.g., redaction, summarization, limited sealing of exhibits or portions of exhibits).

D.C.COLO.LCivR 7.2C.

Plaintiffs argue that the subject matter of the case involves sexual misconduct and sexual assaults against minor students committed by a person in a position of trust. Docket No. 2 at 4.  Plaintiffs assert that, despite the perpetrator's recent criminal trial, their identities were neither publicly released nor revealed as part of the criminal proceedings.  *Id*.  Plaintiffs maintain that they have a strong interest in withholding their identities to prevent further psychological trauma.  *Id.*  Plaintiffs contend that, even though two of the three plaintiffs have reached adulthood, revealing their identities could lead to increased emotional distress and social sanction.  *Id.*  Finally, plaintiffs argue that, as the August 16, 2011 Order currently stands, it would lead to an anomalous result because, although defendants will not be allowed to release the

identities of plaintiffs, interested persons could ascertain plaintiffs' identities through the unsealed complaint.  Docket No. 5 at 6.

The Court finds that the plaintiffs have shown compelling reasons under D.C.COLO.LCivR 7.2C to seal the unredacted complaint.  Because the plaintiffs' identities have not been publicly revealed, their privacy interests are substantial.  Moreover, plaintiffs' allegations of "sexual misconduct" and "unlawful sexual contact" involve intensely personal issues so rare as to warrant sealing the unredacted complaint.  *See Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979) (acknowledging the use of pseudonyms in cases involving intensely personal issues such as abortion, birth control, and the welfare of abandoned or illegitimate children); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (indicating that the use of "fictitious names [is] allowed when necessary to protect the privacy of children, rape victims and other particularly vulnerable parties"); *Roe v. St. Louis Univ.*, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009) (allowing rape victim plaintiff to use a pseudonym because plaintiff's privacy interest outweighed the public's right to access judicial records).  The possible injury to the plaintiffs rises far above the level of mere "embarrassment" or harm to reputation.  *See M.M. v. Zavaras,* 139 F.3d 798, 803 (10th Cir. 1998) (to justify use of pseudonyms, "[t]he risk that a plaintiff may suffer some embarrassment is not enough." (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992))).  The release of plaintiffs' identities may exacerbate the distress and emotional hardship they allegedly suffered.  Docket No. 2 at 4.  Under these facts, it appears that this may be a case where the "injury litigated against would be incurred as

a result of the disclosure of the plaintiff's identity." *Zavaras*, 139 F.3d at 803.

It is fair to assume that most, if not all, of the defendants are aware of the plaintiffs' actual names. *See Zavaras*, 139 F.3d at 803. However, unlike *Zavaras*, plaintiffs here are not trying to shield their identities from the defendants. Rather, they are trying to protect their identities from interested persons not associated with the defendants. Therefore, the fact that the defendants may know their names does not argue against sealing the unredacted complaint.

Two of the three plaintiffs are now adults. Docket No. 5 at 5. Under some circumstances, the current age of the plaintiff as compared to the age of the plaintiff at the time of the alleged incidents may argue in favor of denying a motion to use pseudonyms in the complaint. Here that is not the case. One plaintiff is still a minor and the other two plaintiffs just recently became adults. The incidents upon which they base their claims occurred in 2007-2009 as to Jane Doe # 1 and in 2009 as to Jane Does # 2 and # 3. The fact that plaintiffs are or recently were minors and the fact that the incidents occurred within the past two to four years give added weight to plaintiffs' claims that they would suffer further psychological trauma if their names are revealed.

Finally, although the media frequently exercise discretion in not publishing the names of sexual assault victims, electronic case filing allows anyone with an internet connection to access public pleadings, which means that revealing plaintiffs' names could expose them to contact by persons seeking to exploit their perceived vulnerability. While such possibility does not justify a limitation of public access except in rare cases, the plaintiffs' ages and the nature of the allegations in this case weigh in favor of sealing the unredacted complaint.

For the foregoing reasons, it is

**ORDERED** that plaintiffs' Motion to Reconsider Denial of Motion to File Under Seal [Docket No. 5] is **GRANTED**.  It is further

**ORDERED** that the portion of plaintiffs' Motion to File Under Seal and Proceed Using Pseudonyms [Docket No. 2] seeking to seal the unredacted Complaint, upon reconsideration, is **GRANTED**.  Docket No. 3 shall be sealed pursuant to D.C.COLO.LCivR 7.2.

DATED August 30, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge