IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02107-PAB-KLM

JANE DOE # 1,
JANE DOE # 2, and
JANE DOE # 3,

    Plaintiffs,

v.

TRAVIS JON MASSE, and
MATT SCHMIDT,

    Defendants.

---

## ORDER

---

This matter is before the Court on the Unopposed Motion for Entry of Judgment under Fed. R. Civ. P. 54(b) [Docket No. 62] filed by plaintiffs Jane Doe #1, Jane Doe #2, and Jane Doe #3. Plaintiffs request that the Court certify as final the order of September 25, 2012 [Docket No. 58] dismissing all of plaintiffs' claims against all defendants[1] except Travis Jon Masse and Matt Schmidt. Plaintiffs also request that, if the motion for entry of judgment is granted, the Court stay the litigation pending their anticipated appeal to the Tenth Circuit Court of Appeals. Docket No. 62 at 3.

Federal Rule of Civil Procedure 54(b) allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties if the court

---

[1]The named defendants in this action were the Boulder Valley School District No. Re-2, Travis Jon Masse, Superintendent Chris King, Principal Ginger Ramsey, Assistant Principal and Athletic Director Mike Lowe, Mark Schmidt, Matt Schmidt, Jason Waneka, and Jasmine Masse. *See* Docket No. 41.

expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In order to direct entry of judgment under Rule 54(b), a court must find that three prerequisites are met: "(1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay." *Jordan v. Pugh,* 425 F.3d 820, 826 (10th Cir. 2005). In determining whether to enter judgment pursuant to Rule 54(b), the Court is to "weigh[ ] Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). Ultimately, granting a Rule 54(b) motion is left to the sound discretion of the trial court, which "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

In their complaint, plaintiffs brought seven claims for relief against nine different defendants. *See* Docket No. 41. The Court's September 24, 2012 order dismissed seven defendants from the case as well as five of plaintiffs' claims for relief. Docket No. 58 at 24. As such, the Court's disposition of these five claims is "final" for purposes of Rule 54(b) because the order was the "ultimate disposition of an individual claim entered in the course of a multiple claims action." *Jordan*, 425 F.3d at 826 (citation omitted). Moreover, the only remaining claims at issue in this case – plaintiffs' claim against defendants Matt Schmidt and Travis Jon Masse for violations of the Colorado Child Protection Act of 1987, Colo. Rev. Stat. § 19-3-301 *et seq.*, and the claim asserted against defendant Travis Jon Masse for violations of plaintiffs' Fourteenth

2

Amendment Equal Protection and Due Process rights[2] – are distinct and separable from the dismissed claims.[3] *Jordan*, 425 F.3d at 827 (to find that there is a final decision on a claim, that claim must be distinct and separable from the unresolved claims such that "a subsequent appeal of the claims before the district court will [not] require the court of appeals to revisit the same issues decided in the first appeal"). Therefore, the Court finds that the first two factors for certifying an order pursuant to Rule 54(b) are satisfied because this matter involved multiple claims and a final decision has been issued as to the majority of those claims. *See Old Republic Ins. Co. v. Durango Air Serv., Inc.*, 283 F.3d 1222, 1225 (10th Cir. 2002) ("Rule 54(b)'s finality requirement is only satisfied if 'the claims resolved are distinct and separable from the claims left unresolved.'") (citation omitted).

With respect to the third factor, plaintiffs claim that entry of judgment at this stage will avoid piecemeal litigation as an order "from the Tenth Circuit Court of Appeals concerning the identity of the Defendants and the nature of the claims" plaintiffs can pursue will clarify discovery and facilitate case management. Docket No. 62 at 3. Plaintiffs assert that, if the Court declines to enter judgment on the dismissed claims, a successful appeal at the conclusion of the case will likely require re-litigation of the

---

[2] Claims asserted against Travis Jon Masse were not included in the Court's September 25, 2012 order.

[3] Although plaintiffs' claim under Colo. Rev. Stat. § 19-3-301 was asserted against all defendants and could require consideration of overlapping evidence, because the Court will administratively close the case pending an appeal, there is no concern of wasting judicial resources.

3

same issues resulting in significant delays and wasting judicial resources. *Id*. at 4. The Court agrees.

Although no precise test has been developed for determining whether just cause exists for delay, courts generally have weighed Rule 54(b)'s "policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay." *United Bank of Pueblo v. Hartford Acc. & Indem. Co.*, 529 F.2d 490, 492 (10th Cir. 1976); *Stockman's*, 425 F.3d at 1265. Because plaintiffs' motion is unopposed, defendants do not assert any hardship or injustice based on a delay of this litigation. In addition, there are no dispositive motions pending, a trial date has not been set, and discovery remains in its early stages. Moreover, the issues presented in this case are "such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8. Therefore, the Court finds that the equities and practical considerations weigh in favor of certifying the September 25, 2012 order as final in order to avoid piecemeal litigation and to preserve judicial resources.

However, instead of a stay, the Court will administratively close the case subject to reopening for good cause – such as completion of the appellate process – upon motion by either party.

For the foregoing reasons, it is

**ORDERED** that the Unopposed Motion for Entry of Judgment Under Fed. R. Civ. P. 54(b) [Docket No 62] is **GRANTED** in part and **DENIED** in part as indicated in this order. It is further

4

**ORDERED** that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court shall enter judgment in favor of defendants Boulder Valley School District No. Re-2, Superintendent Chris King, Principal Ginger Ramsey, Assistant Principal and Athletic Director Mike Lowe, Mark Schmidt, Jason Waneka, and Jasmine Masse. It is further

**ORDERED** that this case shall be administratively closed, subject to reopening for good cause, pursuant to D.C.COLO.LCivR 41.2. It is further

**ORDERED** that, no later than twenty days after resolution of the appeal to the Tenth Circuit Court of Appeals, the parties shall file a status report with the Court whether they believe the case should be reopened for good cause for any further proceedings in this Court or whether the case may be dismissed.

DATED November 16, 2012.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge